UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 06-cr-40029-JPG |
| LARRY D. WILLIAMS, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Larry D. Williams' *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10.

Williams pled guilty to one count of conspiracy to distribute 50 grams or more of crack cocaine and one count of distribution of crack cocaine. At sentencing, the Court found by a preponderance of the evidence that Williams' relevant conduct was at least 50 grams but less than 150 grams of crack cocaine, yielding a base offense level of 30. Williams' base offense level was reduced by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility. Considering Williams' criminal history category of II, this yielded a sentencing range of 78 to 97 months in prison. Finding that the conspiracy count was subject to a mandatory minimum sentence, the Court imposed a sentence of 120 months on the conspiracy count and 78 months on the distribution count.

Williams now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence. Pursuant to emergency authority granted in § 8 of the Fair Sentencing Act of 2010, Pub. L. 111-220, the Sentencing Commission promulgated emergency Amendment 748 to amend U.S.S.G. § 2D1.1(c) as of November 1, 2010, to lower some base offense levels associated with

various amounts of crack cocaine.   The reductions were repromulgated without change under non-emergency authority in Amendment 750, which became effective November 1, 2011.   The relevant parts of Amendment 750 are retroactive.   *See* U.S.S.G. § 1B1.10(c) (2011).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2).   Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:   (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.   If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.   *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009)**.**

Here, the Court need not address either criterion.   Custody is a prerequisite to reduction analysis.   Since Williams has served his term of imprisonment and is currently serving his term of supervised release, any request for a reduction would be moot.   Accordingly, the Court **DENIES** Williams' motion for a reduction **as moot** (Doc. 523).

**IT IS SO ORDERED.**
**DATED: August 29, 2014**

                                                  s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**